```
           UNITED STATES DISTRICT COURT
                    FOR THE
           MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL BROWN,                  :
                                :
          Plaintiff             :    No. 4:05-CV-0710
                                :
     vs.                        :    (Petition Filed 4/8/05)
                                :
PA BOARD OF PROBATION           :    (Judge Muir)
& PAROLE, et al.,               :
                                :
          Defendants            :

## ORDER
May 12, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On April 8, 2005, Plaintiff Michael Brown, formerly an inmate incarcerated for 18 months as the result of a parole violation filed a complaint pursuant to 42 U.S.C. § 1983 against the Pennsylvania Board of Probation and Parole ("Parole Board"), unnamed parole agents and the attorney that represented him before the Parole Board.  This case was assigned to us but referred to Magistrate Judge Thomas M. Blewitt for preliminary consideration.

On April 22, 2005, after screening Brown's complaint pursuant to the Prison Litigation Reform Act of 1995, Magistrate Judge Blewitt issued a report in which he recommended that Brown's complaint be dismissed for failure to state a claim and because it seeks monetary relief against a defendant who is immune from such relief.

Objections to the report of a Magistrate Judge may be filed within 10 days after the report is served on the parties.

M.D. Pa. Local Rule 72.31.  Brown has not filed objections to the report of Magistrate Judge Blewitt.  The matter became ripe for decision on May 9, 2005.  When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate.  Thomas vs. Arn, 474 U.S. 140, 151-52 (1985).

In a 14-page report Magistrate Judge Blewitt explained why Brown's complaint should be dismissed and we will not repeat the basis for his recommendation other than noting that the Parole Board as a state agency is not an entity subject to suit under § 1983, Brown does not make any specific allegations against the unnamed parole agents sufficient to implicate their personal involvement in any violation of Brown's constitutional rights, the parole agents who presented the case to the Parole Board were acting in an prosecutorial capacity and are immune from suit, and Brown's former defense attorney is not a state actor subject to suit under § 1983.

We find no error in Magistrate Judge Blewitt's report and because no objections have been filed to it, we shall adopt it as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1.  The report of Magistrate Judge Thomas M. Blewitt filed on April 22, 2005, is adopted in toto.

2.  Brown's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

3. The Clerk of Court shall close this case and send a copy of this order to Magistrate Judge Blewitt.

4. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

s/Malcolm Muir
_____
MUIR
United States District Judge

MM:gs